Samuel H. Hofstadter, J.
The petitioner, a manufacturer of ladies’ garments, in July, 1958 bought from the respondent which operates a textile mill, a substantial quantity of a fabric designated as Style No. 1511, under written agreement providing for arbitration of “ any controversy or claim arising out of or relating to this contract or the breach thereof The arbitration clause further provides that any controversy which relates to “the condition or quality of any merchandise delivered” shall he referred to arbitration in accordance with the rules of the Mutual Adjustment Bureau of the Cloth and Garment Trades, Inc., of New York City. The goods were delivered but not paid for, the petitioner claiming that the goods had been misbranded within the meaning of the Federal Wool Products Labeling Act of 1939, as amended (TI. S. Code, tit. 15, § 68 et seq.). The invoices refer to the fabric as “ 62% wool 38% mohair” and the tickets attached to each piece of the goods state the contents to he “ 62% wool 38% mohair Exclusive of Decoration ”. The petitioner contends that the delivered merchandise *720 contains in addition a quantity of nyton; the respondent admits the presence in the fabric of a synthetic nylon fiber, but asserts that it is less than 5% of the total weight of the wool product and is used exclusively for ornamentation. The law invoked by the petitioner does not require identification of such a fiber if it is ornamentation and is less than 5% of the total fiber weight of the fabric; hence, the respondent argues, there has been no misbranding. Obviously this controversy relates to the condition or quality of the merchandise and is arbitrable under the mies of the Mutual Adjustment Bureau, before which the respondent has instituted an arbitration proceeding which the petitioner by this application seeks to stay. Though the petitioner’s grievance is that the merchandise was misbranded, the controversy nonetheless relates to the condition or quality of the merchandise. Apparently the petitioner does not even claim that the delivered goods did not meet the contract specifications —the contract does not form part- of its moving papers.
The petitioner’s position seems to be that the misbranding being unlawful, the entire agreement is tainted with illegality and is thereby beyond the reach of the arbitration clause. This contention must be rejected. There is a substantial issue whether the nylon fiber, admittedly less than 5% of the total weight of the fabric, is ornamental; if it is, as the respondent asserts, there has been no misbranding. And even if there was misbranding of the delivered goods, the original agreement is not thereby rendered illegal. If there was misbranding on the invoices and the piece tickets — -the respondent does not claim any misbranding beyond that — there is no reason why the arbitrator may not determine what amends must be made. The issue whether the nylon fiber was or was not ornamental seems peculiarly within the competence of trade arbitrators. The petitioner has shown no valid reason why the present controversy may not appropriately be resolved by arbitration as the parties intended when they entered into the sales agreement.
The petitioner insists that if the arbitration is permitted to proceed it may be compelled to keep and pay for misbranded goods and that thereby the court would be “ aiding and abetting the respondent in a violation of the law”. This contention proves too much. It rests on the assumption that the petitioner’s charge of misbranding must be accepted at face value and the respondent’s denial rejected without inquiry. The issue must be resolved before the respondent can even be found to have misbranded the goods and the parties have themselves chosen arbitration for the resolution of the issue. If and when it is determined by an arbitration award that the goods were *721 misbranded and that the petitioner must pay for them in full nevertheless, the question now projected by the petitioner may arise. It certainly is not before the court at this initial stage. Nothing said herein is intended as an expression of opinion on that question, should it arise. The motion for a stay is accordingly denied.